UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HANNAH MUNGAMURI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:23-cv-00387-SEP |
| ) | |
| CITY OF BRENTWOOD, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Dismiss. Doc. [11]. For the reasons set forth below, the motion is granted.

### BACKGROUND

Plaintiff Hannah Mungamuri is a self-represented litigant who filed a Complaint against the City of Brentwood and the prosecuting attorney for Brentwood, Michael Shelton, on March 28, 2023. Doc. [1]. In the Complaint, Plaintiff claims that her "human rights were violated" and that Defendants denied her "emergency medical care." Doc. [1] at 5. For relief, Plaintiff seeks "protection from persecution," the appointment of a guardian ad litem for her daughter, "monetary reparations," and punitive damages in the amount of $4,600,000. *Id*. at 6.

On June 27, 2023, Defendants filed the instant motion to dismiss, asserting that the Court lacks subject matter jurisdiction over Plaintiff's claims.[1] Doc. [11]. The Court ordered Plaintiff to respond to Defendants' assertion that this Court lacks subject matter jurisdiction to hear her claims. Doc. [13]. Plaintiff timely responded, but rather than explaining how this Court has subject matter jurisdiction, she requested that the Court mandate counseling for Defendants and members of non-party Mt. Calvary Church, and that the Court order Mt. Calvary Church to restore her membership privileges. Doc. [15].

### DISCUSSION

"Crucial to the proper functioning of our federal system is the longstanding maxim that '[f]ederal courts are courts of limited jurisdiction.'" *Crain v. Crain*, 72 F.4th 269 (8th Cir.

---

[1] Defendants also assert that the Complaint fails to state a claim on which relief can be granted and that they are entitled to sovereign and qualified immunity. *See* Doc. [12] at 4. While both arguments seem well taken, the Court does not have jurisdiction to consider them.

2023) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). "Subject matter jurisdiction can never be waived or forfeited." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 838 (8th Cir. 2022). "The burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction." *Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021). Plaintiff, in her Complaint, asserts that this Court has both diversity jurisdiction and federal question jurisdiction. Doc. [1] at 4-5.

Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000 and the dispute is between citizens of different states. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Plaintiff alleges that the Court has diversity jurisdiction because she is a citizen of India and Defendants are citizens of the United States of America. Doc. [1] at 4-5. While 28 U.S.C. § 1332(a) does provide that a district court has original jurisdiction over an action between "citizens of a State and citizens or subjects of a foreign state," it goes on to state that "the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." *Id.* § 1332(a)(2). Pursuant to that subsection, if Plaintiff is lawfully admitted for residence and is domiciled in the same state as Defendants, the Court does not have diversity jurisdiction over her Complaint.

Plaintiff has attached to the Complaint a copy of her Permanent Resident Card, indicating that she is lawfully admitted for residence in the United States. Doc. [1-1] at 4. She also attached a copy of her Missouri driver's license, which shows a home address in Crestwood, Missouri. *Id*. It thus appears that Plaintiff is domiciled in Missouri. Plaintiff does not allege Defendants' domicile or citizenship other than indicating they are citizens of the United States. But she identifies Missouri addresses for each Defendant, and one Defendant is a Missouri municipality; so, taking a liberal construction of her Complaint, it seems clear that

Defendants are citizens of Missouri.  Defendants argue in their motion to dismiss that Plaintiff and Defendants are all domiciled in Missouri, and Plaintiff, in her response in opposition, does not dispute that she is a permanent resident of and domiciled in the State of Missouri. Accordingly, Plaintiff has failed to carry her burden of establishing the existence of diversity jurisdiction in this case.

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015).  *See also* 28 U.S.C. § 1331.  For there to be federal question jurisdiction, Plaintiff's Complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).  In her Complaint, Plaintiff indicates that federal question jurisdiction derives from "immigrant protection."  Doc. [1] at 4.  Plaintiff fails to further elaborate on that assertion, and nothing alleged in the Complaint, however liberally construed, suggests that a federal statute or Constitutional provision is at issue in this matter. Thus, Plaintiff has also failed to carry her burden of establishing the existence of federal question jurisdiction, and Defendants' motion to dismiss is granted.  *See Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005) ("If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate.").

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [11] is **GRANTED** and all other outstanding motions are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice.

A separate order of dismissal will be entered herewith.

Dated this 15th day of August, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE